Meredith A. Ahearn
HAGANS, AHEARN & WEBB
745 West 4th Avenue, Suite 304
Anchorage, AK 99501
(907) 276-5294

Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff(s), )<br>)<br>vs. )<br>)<br>DIEGO LIGHTFOOT, )<br>)<br>Defendant(s). )<br>) | Case No. 3:04-cr-98 |

**MOTION TO REDUCE SENTENCE AND MEMORANDUM**

**IN SUPPORT THEREOF**

Defendant, Diego Lightfoot, by and through his attorney, Meredith A. Ahearn, respectfully moves this Court, pursuant to 18 USC §3582(c), for an order reducing his term of imprisonment from 70 months to 57 months, on the grounds that the retroactive amendment to the cocaine-base guideline alters the base offense in Mr. Lightfoot's pre-sentence report from 26 to 24.

Mr. Lightfoot was convicted on a plea of guilty of Distribution with Intent to Distribute 5 Grams or More of Cocaine Base in violation 21 USC §841(a)(1) & (b)(1)(B), Felon in Possession of a Firearm and Ammunition in violation of 18 USC §§ 922(g)(1) & 924(a)(2) and Use of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 USC s§924((c)(1)(A), (c)(1)(A)(ii) & (c)(1)(D) for which he received a 60 sentence of imprisonment to be served consecutively to his 70 month sentence imposed on the other two counts to which he pled guilty. He received a 3-level reduction from his base offense for acceptance of responsibility. Because a sentence was imposed for a violation for §924(c), a specific offense characteristic for the possession of a firearm was not applied in respect to the guideline for the underlying drug offense, giving Mr. Lightfoot an adjusted offense level of 23.

This Court has jurisdiction to modify the Defendant's sentence now under the plain language of 18 USC §3582(c) which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 USC § 994(o), upon motion of the defendant, the director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment , after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction Is consistent with applicable policy statements issued by the Sentencing Commission.

Each of the predicate conditions conferring jurisdiction are met in this case. Mr. Lightfoot was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission on November 1, 2007.

The last phrase of § 3582(c)(2) – "if such reduction is consistent with applicable policy statements issued by the Sentencing Commission" supports the grant of this motion. The Sentencing Commission determined that the amendments to the Sentencing Guidelines ameliorating the disparity between a crack and powder cocaine sentence should be made retroactive. This motion is entirely consistent with that policy statement and accordingly, should be granted.

The Sentencing Reform Act as interpreted in *United States v. Booker,* 543 U.S. 220 (2005), applies to every component of the Act, including Section 3582 (c). Although *Booker* was presented as a constitutional case, the remedial portion is one of statutory construction. As a matter of statutory construction, the Sentencing Reform Act only requires consideration of the Sentencing Guidelines, but does not mandate adherence to the sentencing ranges or to policy statements. The Ninth Circuit, in *Hicks v. United States,* 472 F3d 1167 (9th Cir. 2007), held that the requirement the district court treat the Sentencing Guidelines as advisory applies to re-sentencing of defendants under Section 3582 *i.e.,* that the Guidelines are no longer mandatory in any context.

For the foregoing reasons, Mr. Lightfoot respectfully request that his sentence be reduced in accordance with the applicable law cited above.

Dated at Anchorage, Alaska this ___ day of June 2008.

                                                HAGANS, AHEARN & WEBB
                                                Attorneys for Defendant

              By: /s/  Meredith A. Ahearn
                 Meredith A. Ahearn
                 Alaska Bar No. 6903001
                 E-mail:  haw@alaska.net

I certify that on the ___ day of June, 2008
I electronically served a copy of the above
named pleading on:

James Goeke
Assistant United States Attorney

/s/ Meredith A. Ahearn
Meredith A. Ahearn