NELSON P. COHEN
United States Attorney

JAMES A. GOEKE
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
(907) 271-5071
Fax (907) 271-1500
Email:  james.goeke@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:04-cr-00098-JKS |
| | ) | |
| Plaintiff, | ) | **[PROPOSED]** |
| | ) | **RESPONSE IN OPPOSITION TO** |
| vs. | ) | **18 U.S.C. § 3582(c) MOTION** |
| | ) | |
| DIEGO LIGHTFOOT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant, Diego Lightfoot, has filed a motion for reduction of

sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the

Sentencing Guidelines which lowered the base offense levels applicable to cocaine

base ("crack") offenses.  While the relevant amendment does apply to the

defendant's case, this Court has discretion with regard to whether to grant it, and the government submits, for the reasons set forth below, that the Court should not reduce the defendant's sentence. The United States opposes the motion based upon concerns for public safety as well as the defendant's post sentencing conduct.

## ORIGINAL SENTENCING

On January 13, 2005, shortly after the United States Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005), this Court sentenced the defendant to a term of 70 months of imprisonment on two charges: 1) possession of five or more grams of cocaine base (crack), a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and 2) felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). The Court also imposed a consecutive term of 60 months of imprisonment for the defendant's conviction for using a firearm during and in relation to the drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1). The defendant's criminal history was categorized as IV, and his combined offense level was recommended to be 23. His advisory guideline sentence range was therefore between 70 and 87 months for the drug offense and felon in possession charges. He faced a mandatory minimum sentence of 60 months for the drug offense. The additional consecutive 60 months of imprisonment for the § 924(c)(1)

charge was set by statute. When the Court imposed the defendant's sentence, it was well aware that the sentencing guidelines were advisory. And the Court was well aware of the defendant's past criminal history reflected a serious propensity for violence, not only based on convictions but also other contact with the judicial system.

## RETROACTIVE APPLICATION OF THE AMENDMENTS TO U.S.S.G. § 2D1.1

Section 3582(c)(2) of Title 18 provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in

a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

    (2)    <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

        (A)    none of the amendments listed in subsection (c) is applicable to the defendant; or

        (B)    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

    (3)    <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

Among the factors the Court is to consider when determining whether or not a reduction in a defendant's term of imprisonment is warranted and the extent of any such reduction are 1) the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment; and 2) any post sentencing conduct of the defendant. *Commentary, Application Notes 1.(B)(ii) and (iii)*.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base

("crack") offenses.² On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.³

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below,

---

² Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

³ In a separate matter, the Supreme Court recently held in *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), that district courts "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

## A REDUCTION IN SENTENCE IS NOT WARRANTED IN THIS CASE BECAUSE OF PUBLIC SAFETY CONSIDERATIONS AND BECAUSE OF POST-SENTENCING CONDUCT

The retroactive application of the amendments to U.S.S.G. § 2D1.1 is discretionary. When exercising that discretion, the courts must be sensitive to the concerns about releasing defendants to the streets who have either reconfirmed their criminal propensities while serving their original sentence or who have exhibited an intent to return to criminal behavior at the earliest opportunity. The need to protect the public from the defendant's criminal propensities still remains one of the primary functions of punishment and incarceration. For defendants who have proven once again that they are prone to engaging in criminal conduct, the Court should deem it necessary to keep that particular defendant incarcerated as long as possible to protect the public.

Before the defendant originally came before this Court, he established himself as a substantial threat to the community at large. He engaged in violent conduct for a significant portion of his life prior to appearing before this Court. He had a history of using weapons to further his violence. He had a history of possessing firearm while under the supervision of the State of Alaska following his parole on a charge of Robbery in the First degree. When the Court first exercised its discretion to fashion the most appropriate sentence for this defendant,

the Court concluded that a sentence of 70 months on the drug trafficking charge was both reasonable and appropriate for the offense and this defendant. As this Court itself noted at the imposition of sentence, the defendant's past criminal conduct supported the conclusion that the defendant was a very dangerous person, which conclusion significantly influenced the Court's decision to impose the 70 month sentence rather than the mandatory minimum of 60 months imprisonment for the drug offense. Furthermore, based on the defendant's past conduct, the Court imposed a substantial term of supervised release to follow release to further protect society from the defendant.

Under the recent amendment to the guidelines for offenses involving cocaine base, as applicable to this case, the amendment provides for only a two level reduction in the offense level for the drug offense. In this case, a two level reduction would result in an advisory guideline sentence range of 60 to 71 months. Thus, the recent amendments have no real effect on this defendant's sentence. A term of 70 months remains not only within the advisory range available, it remains the most reasonable sentence in this case for this defendant on account of his conduct following the imposition of sentence.

Since his incarceration, as evidenced by his record of conduct while incarcerated, the defendant even within the confines of a prison setting continues

to be a threat to the order of the society in which he currently finds himself. The defendant has continued to engage in violence towards others and continues to use weapons in that sort of conduct. The defendant has not changed.

Coupling the reasons upon which the Court based its original sentence with the information about how the defendant has continued to engage is violent activity, the Court must conclude that its original sentence is just as appropriate today as it was when the Court first imposed it. There is no justifiable reason now to modify the defendant's 70 month sentence of imprisonment on the drug offense; the defendant's sentence on the § 924(c)(1) charge remains unchanged. He does not deserve a reduction in sentence.

## CONCLUSION

For the reasons set forth above, the Court should deny the defendant's 18 U.S.C. §3582(c) motion for a reduction in sentence. The defendant has proven himself to be unworthy of a discretionary reduction in sentence. Instead, the defendant has proven that he was, is, and will always be a danger to the community and who should not be released until he has completed his original

//

//

//

sentence. The Court has every reason to believe that keeping the defendant behind bars for as long as possible is the only way to protect the rest of the free society.

RESPECTFULLY SUBMITTED this day, September 16, 2008, in Anchorage, Alaska.

>NELSON P. COHEN
>United States Attorney
>
>s/ James A. Goeke
>JAMES A. GOEKE
>Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>222 West Seventh Avenue, #9
>Anchorage, Alaska  99513-7567
>(907) 271-5071
>Fax (907) 271-1500
>Email:  james.goeke@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2008
a copy of the foregoing was served
electronically on:

Meredith Ahearn

s/ James A. Goeke